IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **VINCENT JOHN MERTES,** ) | Civil Action No. 7:12-cv-00364 | |
|     **Petitioner,** ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| **ZYCH,** ) | By: Hon. Michael F. Urbanski | |
|     **Respondent.** ) | United States District Judge | |

    Vincent John Mertes, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  Petitioner argues that the evidence was not sufficient to sustain his institutional conviction that deprived him of good conduct time.  Respondent filed a motion for summary judgment, and petitioner responded, making the matter ripe for disposition.   After reviewing the record, I grant respondent's motion for summary judgment because petitioner fails to state a violation of due process.

    Staff at the United States Penitentiary in Atwater, California, moved petitioner to a "dry cell"[1] on July 9, 2011, after monitoring suspicious phone calls and petitioner's meeting with a visitor.  Staff inspected petitioner's feces on July 11, 2011, and found four, different colored balloons that contained a green substance that field tested positive as marijuana.[2]  On August 1, 2011, petitioner received a written charged for violating Code 111, Introduction of any Narcotics or Related Paraphernalia not Prescribed for the Individual by Medical Staff.  Petitioner declined to have a staff representative or a witness present for the disciplinary hearing although he received a form advising him of these rights.

---

[1] A "dry cell" does not have running water.
[2] Staff recovered more balloons the next two days, but these balloons did not contain enough substance to field test.

The evidence at the disciplinary hearing on August 25, 2011, consisted of petitioner's denial of the charge and staff's written reports and photographs of the balloons and their contents. The written reports described how staff dried the green substances and how the narcotics field test identified the green substance as marijuana. The Disciplinary Hearing Officer ("DHO") considered the evidence, determined petitioner violated Code 111, and penalized petitioner, inter alia, forty-one days' good conduct time. The DHO explained that the evidence collected from petitioner's feces outweighed petitioner's blanket denial and that smuggling narcotics into the prison warranted revoking forty-one days' good conduct time to punish him and modify his behavior.

Petitioner argues that the evidence was not sufficient to sustain the conviction because staff should have sent the substance to a National Toxicology Laboratory for a more accurate analysis. The record of a prison disciplinary hearing that results in the loss of good conduct time must be supported by "any evidence" to sustain that conviction.[3] Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Staff's observation of a green substance recovered from balloons hidden in petitioner's rectum that field tested positive as marijuana constitutes sufficient evidence to sustain the Code 111 conviction. The fact that petitioner prefers to have the substance tested by National Toxicology Lab does not state a violation of due process.[4] Accordingly, respondent's motion for summary judgment is granted.[5]

---

[3] The Bureau of Prisons requires a DHO to not merely rely on "any evidence" but the greater weight of conflicting evidence. 28 C.F.R. § 541.8(f).

[4] Petitioner's reliance on Jackson v. Virginia, 443 U.S. 307 (1979), is misplaced. Jackson explains the sufficiency of evidence standard for reviewing state court convictions in habeas proceedings filed pursuant to 28 U.S.C. § 2254. Jackson is not relevant to the instant case.

[5] The court declines to adjudicate this matter on respondent's arguments about the exhaustion of administrative remedies because petitioner argues in response that staff frustrated his ability to exhaust. See, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). For the foregoing reasons, the action is subject to dismissal regardless

  The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

              Entered:  December 21, 2012

              */s/ Michael F. Urbanski*

              Michael F. Urbanski
              United States District Judge

---

of exhaustion of administrative remedies.  See 42 U.S.C. § 1997e(c) (permitting a district court to dismiss an action that fails to state a claim despite a failure to exhaust administrative remedies).